IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24- |
| | : | DATE FILED: August 1, 2024 |
| v. | | |
| | : | VIOLATIONS: |
| | | 18 U.S.C. § 1112 |
| | : | (involuntary manslaughter – 1 count) |
| PHILIP EVERTON MCPHERSON II | | 49 U.S.C. § 46306(b)(7) |
| | : | (serving as an airman without a certificate – 40 counts) |

## INDICTMENT

## COUNT ONE

### THE GRAND JURY CHARGES THAT:

At all times material to this indictment:

### Background on Pilot Certifications

1.      The Federal Aviation Administration ("FAA") is an agency within the United States Department of Transportation ("DOT"), whose primary mission was to ensure the safety of all air travel. The FAA regulated all civilian aviation matters in the United States and its territories. As part of its responsibilities, the FAA enforced the Federal Aviation Regulations ("FAR").

2.      The FAA regulated the certification of "airmen," such as pilots and flight instructors.[1] Only FAA certified pilots could legally operate FAA registered aircraft without supervision. 14 C.F.R. § 61.3(a). Under FAA regulations, to become a pilot, an individual had to first obtain a student pilot's certificate, which permitted them to learn to fly a plane in the

---

[1] Throughout this indictment, "pilot" and "airman" have the same meaning and are used interchangeably.

presence of an instructor. An individual could obtain a student pilot certificate if they were at least 16 years of age, were able to meet the FAA Aviation English Language Standard, were able to pass vetting with the Transportation Security Administration ("TSA"), and were able to acquire the required medical certificate for the aircraft they would be flying. 14 C.F.R. § 61.83. But even with a student pilot certificate, a student pilot was not permitted to operate as the pilot-in-command of an aircraft carrying passengers. 14 C.F.R. § 61.89(a). A student pilot was issued a Temporary Airman Certificate which specifically stated, "PASSENGER CARRYING PROHIBITED."

3.      A pilot-in-command was the person who had final authority and responsibility for the operation and safety of the flight, had been designated as pilot-in-command before or during the flight, and held the appropriate category, class, and type rating for the conduct of the flight. 14 C.F.R. § 1.1. A passenger was an occupant of an airplane other than the person operating it or a member of the crew. Only the flight instructor, who was required to have a valid pilot's certificate and be appropriately certified as an instructor, could serve as the pilot-in-command when flying with a student. 14 C.F.R. § 1.1.

4.      To fly a normal category single engine aircraft alone, an individual was required to hold a valid pilot's certificate to act as a pilot-in-command of an aircraft. *See* 14 C.F.R. § 61.3(a). All pilots were required to be in possession of a valid pilot's certificate when operating and piloting a normal category single engine aircraft. *See* 49 C.F.R. § 61.3(d)(1); 14 C.F.R. § 61.2.

5.      A higher level of FAA certification was a commercial pilot's certificate. Applicants for a commercial pilot's certificate were required to satisfy the specific aeronautical

knowledge, flight proficiency, aeronautical experience, and endorsement requirements contained in 14 C.F.R. Part 61 Subpart F.

6. An even more stringent certification was a flight instructor's certificate. This certificate enabled a pilot to fly with student pilots and instruct them. *See* 14 C.F.R. § 61.3(d). To be a flight instructor, a pilot was required to have a commercial pilot's certificate, among other requirements. 14 C.F.R. §§ 61.183, 61.195. Pilots serving as flight instructors were required to have their pilot and flight instructor certificates in their possession when they operated a normal category single engine aircraft. *See* 14 C.F.R. § 61.3(d)(1).

7. The FAA had authority to reexamine any FAA certificated pilot or flight instructor by providing notice detailing the reasonable basis for the reexamination and information about the scope of the reexamination. 49 U.S.C. § 44709(a). The FAA Flight Standard Service ("AFS") Office was responsible for planning, developing, and maintaining materials related to pilot certification training and testing. Through the knowledge and flight proficiency tests, AFS Aviation Safety Inspectors ("ASIs") measured a pilot's mastery of aeronautical knowledge and flight proficiency under the Airman Certification Standards ("ACS"). 14 C.F.R. § 61.43. If a pilot or flight instructor under reexamination did not meet the ACS for the certificate or rating sought, the ASI would inform the pilot or instructor of the reasons for the unsatisfactory performance.

8. Following an unsatisfactory flight proficiency test, the certificate holder would voluntarily surrender their certificate, or the FAA would issue an order amending, modifying, suspending, or revoking that certificate. The holder of an FAA pilot or flight instructor certificate could voluntarily surrender that certificate for cancellation, the issuance of a lower grade certificate, or for another certificate with specific ratings deleted. 14 C.F.R. §

61.27(a). All voluntary surrenders were required to include the following signed statement or its equivalent: "This request is made for my own reasons, with full knowledge that my (insert name of certificate or rating, as appropriate) may not be reissued to me unless I again pass the tests prescribed for its issuance." 14 C.F.R. § 61.27(b).

9.      Importantly, no person could exercise the privileges associated with an FAA certificate, rating, endorsement, or authorization if that certificate, rating, or authorization was surrendered, suspended, revoked, or expired. 14 C.F.R. § 61.2. "Except for a certificate issued with an expiration date, a pilot certificate is valid unless it is surrendered, suspended, or revoked." 14 C.F.R. § 61.19(a)(2).

10.     Unless specifically authorized by the FAA, a person whose pilot or flight instructor certificate had been suspended or revoked could not apply for any certificate, rating, or authorization during the period of suspension, nor could they apply for any certificate, rating, or authorization for one (1) year after the date of revocation. 14 C.F.R. § 61.13(d)(1)-(2).

### Background on Aircraft Accident Investigations

11.     Both the FAA and the National Transportation Safety Board ("NTSB") had responsibilities relating to aircraft accident investigation. The NTSB was an independent federal agency charged with investigating civil aviation accidents in the United States. 49 U.S.C. §§ 1131(a)(1)(A), 1132. Federal regulations required operators to notify the NTSB immediately of aviation accidents and certain incidents. 49 C.F.R. § 830.5.

12.     In addition, the FAA had independent authority to conduct investigations concerning aviation safety. 49 U.S.C. § 40113. Only the FAA – not the NTSB – could make determinations concerning the airworthiness of FAA-certificated aircraft and the competency of FAA-certificated airmen.

4

13.     The FAA's Office of Accident Investigation and Prevention ("AVP") was

the principal organization within the FAA with respect to aircraft accident investigation and all

activities related to the NTSB. *See* FAA Order 8020.11D. If an NTSB or FAA accident

investigation implicated an FAA certificate, the FAA could take enforcement action.

## Background on the Defendant's Certifications, Reexamination, and Surrender of His Pilot's Certificate

14.     Defendant PHILIP EVERTON MCPHERSON, II is a resident of

Haddon Township, New Jersey. On January 12, 2018, defendant MCPHERSON received his

student pilot's certificate. On April 23, 2019, MCPHERSON received a temporary pilot's

certificate pending a retest. After multiple failed practical exams, on December 7, 2019,

MCPHERSON received his commercial pilot's certification with an instrument rating. On March

11, 2020, MCPHERSON received his flight instructor certificate. His flight instructor

certification was valid only when his pilot certification was valid; indeed, the flight instructor

certificate specifically stated: "VALID ONLY WHEN ACCOMPANIED BY PILOT

CERTIFICATE."

15.     On both November 18, 2020 and March 6, 2021, defendant PHILIP

EVERTON MCPHERSON, II flew an aircraft as an instructor with a student pilot when, during

the attempted landing at Central Jersey Regional Airport, the aircraft MCPHERSON was flying

veered off the runway and was substantially damaged. Following these accidents, the FAA

received a Safety Hotline complaint concerning MCPHERSON. An ASI subsequently

investigated the complaint. Based on this investigation, the ASI concluded that the FAA had

reason to question defendant MCPHERSON's "competence as a certificated airman" and that

5

"reexamination of [MCPHERSON's] qualification to be the holder of an airman certificate is necessary in the interest of safety."

16.     On May 20, 2021, the ASI requested that defendant PHILIP EVERTON MCPHERSON, II appear for a reexamination and provided MCPHERSON details surrounding the FAA's reasonable basis for reexamination under 49 U.S.C. § 44709 ("709 Letter"). MCPHERSON did not respond to the 709 Letter. On July 1, 2021, the FAA began calling defendant MCPHERSON to schedule the reexamination. During this time, MCPHERSON continued to fly and instruct students.

17.     On September 29, 2021, an ASI performed a reexamination of defendant PHILIP EVERTON MCPHERSON, II's deficiencies regarding his takeoffs and "go-arounds."[2] Defendant MCPHERSON failed the go-around portion of his reexamination. In fact, the ASI had to assume control of the aircraft that MCPHERSON was flying or the plane could have crashed. The ASI explained to defendant MCPHERSON – both in-person and in writing – the reasons why MCPHERSON failed the reexamination. Although a second opportunity for reexamination was available, MCPHERSON never requested it.

18.     On October 7, 2021, defendant PHILIP EVERTON MCPHERSON, II surrendered his pilot's certificate by signing a Voluntary Deposit of Certificate. MCPHERSON's pilot's certificate was attached to the Deposit of Certificate. That same day, the FAA issued defendant MCPHERSON a Temporary Airman Certificate, which permitted MCPHERSON to only fly by himself, or with an instructor, in order to train and remediate his competence issues. The Temporary Airman Certificate stated, "PASSENGER CARRYING PROHIBITED." The

---

[2] A "go-around" is when a pilot is in the process of landing, but receives an instruction not to land and must, therefore, continue to fly.

Temporary Airman Certificate was set to expire on November 8, 2021. Surrendering his pilot's certificate meant that MCPHERSON was no longer able to fly as a flight instructor with students, both because his temporary certification prohibited him from flying with passengers and because his flight instructor certification was not valid unless accompanied by his pilot's certification, which was no longer in his possession.

19.     On November 8, 2021, defendant PHILIP EVERTON MCPHERSON, II's Temporary Airman Certificate expired. As of this date, defendant MCPHERSON was not permitted to fly at all because all pilots must be in possession of a pilot's certificate during operation of an aircraft. *See* 14 C.F.R. § 61.3(d)(1); 14 C.F.R. § 61.2.

20.     From in or about April 2021 to at least September 28, 2022, defendant PHILIP EVERTON MCPHERSON, II worked for Proflite Aero LLC, located in Easton, Pennsylvania, which provided student pilot instruction.

### The Defendant's Involuntary Manslaughter of K.K.

21.     On September 28, 2022, in the Eastern District of Pennsylvania, at approximately 1:41 p.m., defendant PHILIP EVERTON MCPHERSON, II took off from Queen City Airport in Allentown, Pennsylvania with student pilot K.K., known to the grand jury, in a Piper-28-140 aircraft, identification number N7329F.

22.     On September 28, 2022, defendant **PHILIP EVERTON MCPHERSON, II**, in the Eastern District of Pennsylvania, and within the special aircraft jurisdiction of the United States, in a civil aircraft of the United States, did intentionally, and with wanton and reckless disregard for the life of his student pilot K.K., operate an aircraft as a pilot-in-command of that aircraft knowing (a) he was not competent to safely operate that aircraft in that he had two prior accidents and almost a third; (b) he had failed his September 29, 2021 reexamination for his

7

pilot's certificate for a lack of demonstrated competence; (c) he had voluntarily surrendered his pilot's certificate on October 7, 2021 acknowledging his lack of competence; and (d) he allowed his Temporary Airman Certificate to expire on November 8, 2021 thereby further acknowledging his inability to demonstrate to the satisfaction of the FAA competence to fly safely. Defendant MCPHERSON acted without malice but with gross negligence in the commission of a lawful act which might produce death, that is, flying an aircraft, in an unlawful manner or without due caution and circumspection, resulting in the aircraft crashing shortly after takeoff and the death of K.K. But for MCPHERSON's intentional and grossly negligent disregard for the safety of K.K., knowing he was not competent to safely fly the aircraft as the pilot in command since he had never mastered the skills necessary to safely operate the aircraft, K.K. would not have died.

In violation of Title 18, United States Code, Section 1112.

## COUNTS TWO THROUGH FORTY-ONE

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 20 of Count One are incorporated here.

      2.      On or about the dates set forth below, in the Eastern District of

Pennsylvania and elsewhere, defendant **PHILIP EVERTON MCPHERSON, II** knowingly and

willfully served and attempted to serve as an airman without an airman's certificate authorizing

him to serve in that capacity, that is, on each of these occasions, defendant MCPHERSON flew

and served as pilot-in-command of an aircraft with passengers without possessing an FAA pilot's

certificate permitting him to do so:

| Count | Date | Passenger Initials | Airport |
|---|---|---|---|
| 2 | 10/12/2021 | C.R. | N43 (Braden Airpark, Easton PA, Northhampton County) |
| 3 | 10/13/2021 | C.R. | N43 (Braden Airpark, PA) |
| 4 | 10/14/2021 | C.R. | N43 (Braden Airpark, PA) |
| 5 | 10/15/2021 | L.W. | N43 (Braden Airpark, PA) |
| 6 | 10/19/2021 | C.R. | N43 (Braden Airpark, PA) |
| 7 | 10/20/2021 | C.R. | N43 (Braden Airpark, PA) |
| 8 | 10/28/2021 | L.W. | N43 (Braden Airpark, PA) |
| 9 | 11/4/2021 | L.W. | N43 (Braden Airpark, PA) |
| 10 | 11/5/2021 | L.W. | N43 (Braden Airpark, PA) |
| 11 | 11/17/2021 | L.W. | N43 (Braden Airpark, PA) |
| 12 | 11/17/2021 | B.M. | N43 (Braden Airpark, PA) |
| 13 | 11/18/2021 | B.M. | N43 (Braden Airpark, PA) |
| 14 | 12/12/2021 | B.M. | N43 (Braden Airpark, PA) |
| 15 | 12/21/2021 | B.M. | N43 (Braden Airpark, PA) |
| 16 | 12/23/2021 | B.M. | N43 (Braden Airpark, PA) |
| 17 | 12/28/2021 | B.M. | N43 (Braden Airpark, PA) |
| 18 | 1/21/2022 | A.L. | N43 (Braden Airpark, PA) |
| 19 | 1/23/2022 | A.L. | N43 (Braden Airpark, PA) |
| 20 | 1/23/2022 | B.M. | N43 (Braden Airpark, PA) |
| 21 | 2/8/2022 | L.W. | N43 (Braden Airpark, PA) |
| 22 | 2/15/2022 | L.W. | N43 (Braden Airpark, PA) |
| 23 | 2/20/2022 | A.L. | N43 (Braden Airpark, PA) |

| 24 | 2/20/2022 | B.M. | N43 (Braden Airpark, PA) |
| 25 | 2/21/2022 | L.W. | N43 (Braden Airpark, PA) |
| 26 | 3/14/2022 | A.L. | N43 (Braden Airpark, PA) |
| 27 | 3/15/2022 | L.W. | N43 (Braden Airpark, PA) |
| 28 | 3/17/2022 | B.M. | N43 (Braden Airpark, PA) |
| 29 | 5/1/2022 | A.L. | N43 (Braden Airpark, PA) |
| 30 | 6/4/2022 | A.L. | N43 (Braden Airpark, PA) |
| 31 | 6/5/2022 | A.L. | N43 (Braden Airpark, PA) |
| 32 | 6/10/2022 | A.L. | N43 (Braden Airpark, PA) |
| 33 | 6/15/2022 | A.L. | N43 (Braden Airpark, PA) |
| 34 | 6/26/2022 | K.K. | KXLL (Allentown Queen City Municipal Airport, PA, Lehigh County) |
| 35 | 7/8/2022 | B.M. | N43 (Braden Airpark, PA) |
| 36 | 7/11/2022 | K.K. | N43 (Braden Airpark, PA) |
| 37 | 7/17/2022 | B.M. | N43 (Braden Airpark, PA) |
| 38 | 8/27/2022 | A.L. | N43 (Braden Airpark, PA) |
| 39 | 9/9/2022 | K.K. | KXLL (Allentown Queen City Municipal Airport, PA) |
| 40 | 9/20/2022 | C.R. | N43 (Braden Airpark, PA) |
| 41 | 9/20/2022 | K.K. | KXLL (Allentown Queen City Municipal Airport, PA) |

All in violation of Title 49 U.S.C. Section 46306(b)(7).



A TRUE BILL:

**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

*No. 24-*

## UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania
<u>Criminal Division</u>

### THE UNITED STATES OF AMERICA

vs.

PHILIP EVERTON MCPHERSON II

### INDICTMENT

Counts
18 U.S.C. § 1112 involuntary
manslaughter – 1 count)
49 U.S.C. § 46306(b)(7) (serving as an
airman without a
certificate – 40 counts)



Bail, $_____