# EXHIBIT A:

# Declaration of Philip E. McPherson, II

Joseph Dominic Mancano
Mancano Law, PLLC
353 West Lancaster Avenue
Suite 300
Wayne, PA 19087
215-399-5806
Fax: 215-399-5805
Email: jdm@mancanolaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Criminal Action |
| v. | : No. 24-cr-277-JMG-1 |
| PHILIP E. McPHERSON, II, | : |
| Defendant. | : |

## **DECLARATION**

I, Philip E. McPherson, II, make this Declaration under penalty of perjury.

1. I am the defendant charged in United States of America v. Philip Everton McPherson, II, Criminal No. 24-277 pending in the United States District Court for the Eastern District of Pennsylvania.

2. Until November 20, 2025, I was represented by Angelo Cameron, Esq. in my case.

3. I am aware that I was charged in three different indictments.

4. Shortly after the second indictment, the Court put out a Scheduling Order setting deadlines in my case. That Scheduling Order remained in place after I was indicted the third time. Mr. Cameron did not file a motion to change the Scheduling Order when I was indicted the third time.

5. I am aware that the third indictment charged me with being grossly negligent in the way I operated the airplane on the day of the accident. I strongly disagreed with that characterization. Mr. Cameron never hired an expert to counter those statements by the Government.

6. On October 8, 2025, I attended a final pretrial conference in Allentown with Mr. Cameron. Right after the conference, Mr. Cameron, the prosecutors and I met in a conference room. During the meeting, the prosecutors offered a plea agreement to resolve my case. The prosecutors said they would dismiss Count One (conspiracy) but I would have to plead guilty to the other forty-three counts. I did not feel comfortable pleading guilty because I didn't believe I was guilty. Mr. Cameron said very little during the meeting except "It's a good deal." Mr. Cameron and I had no private discussion about the plea offer at that time.

7. The next day, October 9, 2025, at 3:00 PM, I received an email from Mr. Cameron attaching a plea agreement. He said it contained the Government's

| Criminal Action No. 24-cr-277-JMG-1 | - 2 - | DEFENDANT'S DECLARATION |

agreement to drop the conspiracy. He also said that the agreement had to be signed by the close of business that day. He said he would send it to the Government when he arrived at his hotel as he was traveling to a CLE. I signed the plea agreement and texted it to Mr. Cameron later that day.

8. I did not meet with Mr. Cameron to discuss the plea agreement before I signed it. The only communication I had from him before signing was the October 9 email. Mr. Cameron never explained any of the specific paragraphs in the plea agreement to me before I signed it.

9. After signing the plea agreement, I immediately regretted what I had done. I had been dissatisfied with Mr. Cameron's representation for a while. I did not feel that he was advocating for me. I believed that he was not preparing to try my case. I started calling around to find another lawyer to represent me going forward. I contacted Mariana Rossman who wrote a letter to the Court asking for more time to enter her appearance. However, I could not hire her, or any other lawyer, because I didn't have the necessary funds. Because I was inexperienced with the process, I thought I had no alternative but to go forward with the plea hearing.

10. On October 14, 2025, I decided to go forward with the plea hearing against my better judgment. I knew that if I didn't plead, I'd have to go to trial two

| Criminal Action No. 24-cr-277-JMG-1 | - 3 - | DEFENDANT'S DECLARATION |

days later. I felt pressured. I knew that Mr. Cameron was unprepared for a trial. He had not interviewed any of the witnesses I identified for him. He never discussed in detail how he would present my defenses to each charge. I did not believe I was guilty, but I felt like I had no alternative but to plead.

11. During the plea hearing, I told the judge at first that I was not guilty because that's what I truly believed and still do. I had questions for my attorney at the outset because I had no prior experience with the criminal justice system or plea hearings and was confused. Mr. Cameron never fully explained to me what to expect. He never took me through the colloquy step by step.

12. When we got to the questions regarding the change of plea memorandum, I truthfully told the judge that I hadn't seen the document before. The judge gave me a recess to look the document over. I reviewed it at counsel table with Mr. Cameron and the prosecutor present. I only took 15 minutes because I felt under pressure to review the document quickly as the judge and lawyers were waiting for me. Mr. Cameron did not go over the document with me.

13. During the plea hearing, I answered yes to many questions regarding whether I understood everything and had enough time to discuss matters with my lawyer. I gave these answers because I felt under pressure, lacked experience with the process and didn't understand what I was entitled to receive in terms

| Criminal Action No. 24-cr-277-JMG-1 | - 4 - | DEFENDANT'S DECLARATION |

of advice from my attorney. I pleaded because my lawyer told me "It's a good deal." I never believed I was guilty of the charges.

14. I did not believe that I was guilty because, among other things, unbeknownst to me the airplane malfunctioned on takeoff and landing a few days before the crash and the NTSB concluded that I was not at fault for the crash. Also, on October 7, 2021, an ASI told me and Nouman Saleem that I could continue to instruct students even though I had voluntarily deposited my pilot's certificate.

15. Within days of my guilty plea, I advised Mr. Cameron that I was getting a new lawyer. I spent a short time raising funds and interviewing new lawyers. On November 19, 2025, I signed a contract to hire Joseph D. Mancano, Esq. to try to withdraw my plea.

Respectfully submitted,

By: _____
Philip E. McPherson, II

Jan 15th, 2026